Mississippi Central Railroad Company *v.* D. J. Munchison.

**Written Contract—Defense of Fraud in Execution.**

> Before plaintiff can be relieved from the terms of a written contract he must aver and prove facts showing his right to such relief. A judgment rendered in his favor against a railroad company for trespass will be reversed when not sustained by evidence.

### APPEAL FROM FULTON CIRCUIT COURT.

February 11, 1875.

Opinion by Judge Pryor:

The appellee admits the execution of the writing exhibited in the appellant's answer, by which the former relinquished to the latter the right of way to the extent of one hundred feet for the construction of its railroad. It is now insisted that the writing, or its execution, was obtained by fraud on the part of appellant's agent; and upon this issue, the jury, from the facts and under the instructions given, rendered a verdict for $1,000 damages.

We have been unable to discover from the proof either fraud or mistake in its execution. The appellee signed the relinquishment, or rather directed the agent of the company to affix his name to it, after it had been fully explained to him. The most of this paper was printed matter, containing the terms and extent of relinquishment, and with this in the agent's hands, and the names of others affixed, and every opportunity afforded appellee to know what he was doing, he had his name affixed, and now says that he only relinquished eight feet of ground; and not only so, but he permits the company to make the bed of the road through his entire tract, and when completed instituted this action of trespass against the company for an alleged unlawful entry on his land.

The facts are so inconsistent with appellee's theory of the case

that, independent of the positive proof on the part of the appellant contained in the writing exhibited, as well as the statements of the agent and those who heard appellee's talk in regard to what he had done, there would be much hesitation in sustaining such a verdict. If the company has directed those in its employ, or without such direction, if, in the necessary construction of the work, and as incidental to it, the hands of the company have injured the land of appellant outside of the boundary relinquished, he has his remedy. He was certainly not entitled to recover for any trespass within the 100 feet for an injury to the soil within this boundary.

The judgment is *reversed* and cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.

*J. M. Bigger, for appellant.*
*H. A. Tyler, for appellee.*